NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 09-3322 and 09-3323
_____

UNITED STATES OF AMERICA

v.

ASHLEY J. JOHNSON,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 3-04-cr-00012-002 and 3-06-cr-00026-001)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 16, 2010

Before:  FISHER and COWEN, *Circuit Judges*, and PRATTER,[*] *District Judge*.

(Filed: September 30, 2010)
_____

OPINION OF THE COURT
_____

_____

[*] Honorable Gene E.K. Pratter, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

PRATTER, *District Judge*.

Ashley Johnson pled guilty to bank robbery in 2005. She was sentenced to a term of imprisonment followed by a term of supervised release. In March of 2009, after she completed her prison term, Ms. Johnson pled guilty to having failed to surrender for the service of her bank robbery sentence on the appointed date in 2005, a violation of 18 U.S.C. § 3146(a)(2). She also conceded that, after leaving prison, she had violated conditions of her supervised release. In conjunction with these latter offenses, the District Court sentenced Ms. Johnson to two 15-month prison terms, to be served consecutively, and in doing so, denied at least two specific requests from Ms. Johnson that would have reduced her failure-to-surrender sentence.

Ms. Johnson appeals these two 15-month sentences, contending that the District Court abused its discretion. We will affirm the District Court's judgments.[1]

## I. Factual and Procedural Background

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Thus, we set forth only those facts necessary to our analysis.

On January 4, 2005, Ms. Johnson pled guilty to bank robbery, a violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2(a). Four months later, the District Court sentenced her to a term of 12 months plus one day imprisonment, to be followed by a three-year

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

term of supervised release. Although Ms. Johnson was informed that she was required to report to the Federal Correctional Institution in Danbury, Connecticut on May 25, 2005, she failed to do so, and two days later, a Deputy U.S. Marshal obtained a bench warrant for her arrest. Ms. Johnson was apprehended by Pennsylvania state troopers in Altoona, Pennsylvania, and the U.S. Marshals Service then transferred her to the Danbury facility.

Ms. Johnson served her bank robbery sentence without incident, and she was released from federal prison. However, in July of 2006, while she was still on supervised release, Ms. Johnson was charged with violating Pennsylvania drug laws.[2] She pled guilty to the drug charge in the Blair County Court of Common Pleas, and was sentenced to two to four years in prison. After approximately three years in state custody, Ms. Johnson was paroled to a federal detainer. On March 24, 2009, she pled guilty in federal district court to having failed to surrender for the service of her bank robbery sentence in violation of 18 U.S.C. § 3146(a)(2). The next day, she waived her right to a preliminary hearing regarding the revocation of her supervised release, and conceded that she had violated its terms when she committed the aforementioned Pennsylvania drug offense.

On July 23, 2009, the District Court held a hearing to determine sentencing for Ms. Johnson's failure-to-surrender and revocation offenses. Regarding her sentence for her failure to surrender, the Court considered the application of 18 U.S.C. § 3553(a), which

---

[2] Ms. Johnson was also charged with theft in Maryland. Her mere presence in Maryland was a violation of the terms of her supervised release.

identifies factors to be weighed by a sentencing court. During the hearing, Ms. Johnson made at least two specific requests, one for a reduction of her base offense level under U.S.S.G. § 2J1.6(b)(1)(A), on the ground that she had voluntarily surrendered within 96 hours of the time that she was scheduled to report for service of her sentence; and another for a downward departure pursuant to U.S.S.G. § 4A1.3(b)(1), on the ground that her criminal history category overstated the gravity of her past crimes. During the hearing, the Court allowed Ms. Johnson to present evidence and testimony relating to these two issues, but ultimately rejected her arguments and sentenced her to a 15-month term of imprisonment.[3] This sentence is within the calculated advisory guideline range.

Next, regarding Ms. Johnson's revocation sentence, the District Court reviewed her revocation report, and once again considered the § 3553(a) factors. After allowing counsel and Ms. Johnson to present arguments relating to the § 3553(a) factors, the District Court sentenced Ms. Johnson to an additional 15-month term of imprisonment, to be served consecutively with her failure-to-surrender sentence. This sentence is also within the calculated advisory guideline range.

---

[3] The District Court reviewed Ms. Johnson's two requests as applications for a downward "departure," and again as part of her petition for a variance.

## II.  Discussion

Ms. Johnson argues that her two 15-month prison sentences are each substantively unreasonable.  In addition, she claims that the District Court erred or abused its discretion in denying her two requests relating to the failure-to-report sentence.

### A.      Reasonableness of the Failure-to-Report Sentence

This Court reviews Ms. Johnson's sentence for an abuse of the District Court's discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).  The appellate review proceeds in two stages.  *Tomko*, 562 F.3d at 567.  First, we ensure that the District Court committed no significant procedural error, such as improperly calculating the Guideline offense level range, failing to consider the § 3553(a) factors, or failing to adequately explain the sentence.  Second, we consider the substantive reasonableness of the sentence.  *Id.*  The "touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration of the [§ 3553(a) factors]," *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (*en banc*).  We are "highly deferential" to the sentencing court's application of these factors.  *Tomko*, 562 F.3d at 568 (*quoting United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007)).

At both stages of this review, the party challenging the sentence has the burden of showing unreasonableness.  *Id.* at 567 (*citing United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006)).  Assuming the District Court's sentence is procedurally sound, "we will

5

affirm unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the District Court provided." *Id.* at 568.

Ms. Johnson does not allege that the District Court committed a procedural error with regard to the determination of her failure-to-report sentence, so we must consider the substantive reasonableness of the sentence by examining the record to see whether the District Court appropriately weighed the § 3553(a) factors in sentencing Ms. Johnson. Having done so, we find that the record in this case "more than adequately demonstrates the District Court's meaningful consideration" of these factors. *See United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007).

Although a sentencing court "need not make findings as to each factor if the record otherwise makes clear that the court took the factors into account," *Cooper*, 437 F.3d at 329, the District Court in this case considered the application of each relevant factor explicitly. In doing so, the Court rationally related its analysis to the sentence it imposed on Ms. Johnson for her failure to surrender. Indeed, a review of the record not only illustrates that the Court considered and applied the law, but that the Court explained its deliberation to the parties, and that the Court's reasoning was cogent and thorough.

In short, Ms. Johnson has not satisfied her burden of demonstrating that the District Court abused its discretion by handing down a procedurally flawed or substantively unreasonable sentence for her failure-to-report offense. She has made no

such showing, and the Court concludes there has been no evidence presented that the District Court was unreasonable in its sentencing of the Defendant.

**B.**      **Reasonableness of the Revocation Sentence**

A district court may "revoke a term of supervised release and sentence [a] defendant to imprisonment ... if it finds, by a preponderance of the evidence, that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e). The law says that where such a sentence is imposed, any term of imprisonment "shall be consecutive to the sentence of imprisonment for any other offense." 18 U.S.C. § 3146(b)(2).

Just as Ms. Johnson does not claim that the District Court made a procedural error in determining her failure-to-report sentence, she likewise makes no such allegation regarding her revocation sentence. And just as the District Court made explicit reference to each of the relevant § 3553(a) factors in sentencing Ms. Johnson for failure to report, the Court also reviewed these factors as it announced Ms. Johnson's revocation sentence. Both parties were provided with an opportunity to present arguments regarding the application of the § 3553(a) factors to this case. After hearing these arguments, the District Court gave Ms. Johnson a substantively reasonable sentence that was within the advisory guideline range. The sentencing court also provided coherent reasons for its determination, with abundant and direct reference to the considerations promulgated by the Sentencing Commission.

Ms. Johnson has failed to meet her burden of showing that the District Court abused its discretion by handing down a procedurally flawed or unreasonable sentence based on the revocation of Ms. Johnson's supervised release.

**C.      Requests Relating to the Failure-to-Surrender Sentence**

Under certain circumstances, the Guidelines empower sentencing courts to downwardly depart by assigning the convicted defendant a criminal history category other than the otherwise-applicable criminal history category. *See United States v. Grier*, 585 F.3d 138, 143 (3d Cir. 2009) (*citing* U.S.S.G. § 1B1.1 cmt. n.1(E)). A district court may exercise its discretion to make such a ruling where "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(B)(1).

In this case, Ms. Johnson sought a formal downward departure on the ground that her criminal history category of IV allegedly overstated the seriousness of her past crimes. The District Court heard argument on this point, and found that Ms. Johnson's category assignment of IV correlated with the gravity of the illicit behavior that formed the basis of her past convictions. We see no reason to disturb the District Court's well-reasoned exercise of discretion.

Nor can this Court divine that the District Court abused its discretion in denying Ms. Johnson's request that the Court reduce the offense level it used in calculating its

sentence for her failure to report. The Guidelines provide that the base offense level for this offense shall be reduced by five levels where a defendant "voluntarily surrendered within 96 hours of the time [she] was originally scheduled to report." U.S.S.G. § 2J1.6(b)(1)(A). The Court denied Ms. Johnson's request for the five-point reduction on the eminently reasonable ground that she "voluntarily" surrendered only after the state police tracked her down at her sister's home in Altoona.

## III. Conclusion

For the foregoing reasons, we will affirm the District Court's sentence.

9